# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5016 | **DATE** | 5/23/2012 |
| **CASE TITLE** | Ennenga v. Starns | | |

**DOCKET ENTRY TEXT:**

Defendants' motions to dismiss [77][80] are granted. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

---

Plaintiff, George Ennenga, has filed a pro se two-count amended complaint against Byron and Constance Starns as well as Steven and Kathleen Glaze. Byron and Constance are plaintiff's brother-in-law and sister. The Glazes are the purchasers of the Ennenga family homestead in Cedarville, Illinois. In Count I, plaintiff brings a claim against Byron Starns, as trustee of plaintiff's deceased parents' trust, for allegedly breaching his fiduciary duty to the trust by selling the Ennenga family homestead to the Glazes for an amount that was less than plaintiff offered to pay for the property. In Count II, plaintiff brings a civil conspiracy claim against all four defendants alleging that they conspired to refuse to sell the property to him. Plaintiff previously conceded that Byron Starns should be dismissed from this case, and the court accepted the report and recommendation of the magistrate judge to dismiss this case with prejudice as to Byron Starns. As a result, just Count II remains pending against Constance Starns and the Glazes.

Before the court are separate motions to dismiss filed by Constance Starns and the Glazes pursuant to Federal Rule of Civil Procedure 12(b)(6). All three defendants contend that plaintiff has failed to state a claim in Count II upon which relief can be granted. In addition, Constance Starns contends that plaintiff's claim against her is barred by res judicata. In his response to the motions, plaintiff states that the "amended complaint specifies the issues to the degree possible without having taken any discovery." Plaintiff does not address Constance Starns' res judicata contention. For the reasons that follow, defendants' motions to dismiss are granted.

## I. BACKGROUND

In August 2005, plaintiff sued Byron Starns and another lawyer in the Circuit Court for the 15th Judicial Circuit, Stephenson County, Illinois, to enjoin the sale of the family homestead to the Glazes. The Circuit Court entered an order on November 16, 2005, involuntarily dismissing that lawsuit. On June 19, 2006, plaintiff filed suit in this court against Byron Starns and various other lawyers and law firms, alleging legal malpractice in connection with the creation of plaintiff's parents' estate plan and that Byron Starns breached his fiduciary duty to the trust by selling the family homestead to the Glazes for less than plaintiff offered to pay for the property. After dismissing various claims, this court entered summary judgment for defendants on the remaining claims on July 17, 2009. See Ennenga v. Starns, No. 06 C 50117, doc. 159. Plaintiff appealed and the Seventh Circuit affirmed. Ennenga v. Starns, ___ F.3d ___, 2012 WL 1292768 (7th Cir. Apr. 17, 2012).

Plaintiff filed the instant lawsuit on August 10, 2010. The court dismissed plaintiff's initial complaint in August 2011 and gave plaintiff leave to replead. In Count II of his amended complaint, plaintiff alleges:

23. Byron and Constance sold the Property to Glazes as a means to defeat Plaintiff's desire to own the Property.

24. Glazes conspired to purchase the Property knowing of and as participants in the conspiracy of Constance and Byron.

25. Defendants conspired to refuse to sell the property to Plaintiff and instead to sell the Property to Glazes, despite the fact that their offer was significantly less than Plaintiff's offer.

## II. ANALYSIS

Constance Starns contends that plaintiff's claim against her is barred by res judicata and therefore must be dismissed with prejudice. "Res judicata applies if there is (1) a final judgment on the merits in an earlier action; (2) an identity of the causes of action; and (3) an identity of parties or their privies." Starns, 2012 WL 1292768, at *8; see also River Park, Inc. v. City of Highland Park, 184 Ill. 2d 290, 302 (1998). Importantly, "res judicata bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." Highway J Citizens Grp. v. U.S. Dep't of Transp., 456 F.3d 734, 741 (7th Cir. 2006) (quotation marks omitted); see also River Park, 184 Ill. 2d at 302. Illinois courts recognize an identity of cause of action despite "the assertion of different kinds or theories of relief . . . if a single group of operative facts give rise to the assertion of relief." River Park, 184 Ill. 2d at 307 (quotation marks omitted); see also id. at 310 (adopting the transactional test and rejecting the same evidence test).

All three elements of res judicata are met in this case. Plaintiff does not maintain otherwise. First, there was a final judgment on the merits in each of the earlier filed actions. Second, all three suits sought relief based on a single group of operative facts, namely, the sale of the property to a third party despite plaintiff's alleged higher offer. Third, although Constance Starns was not named as a defendant in either of the previous lawsuits, she was in privity with defendant Byron Starns. See Whitmer v. John Hancock Mut. Life Ins. Co., No. 91 C 3067, 1994 WL 236647, at *5 (N.D. Ill. May 27, 1994) ("Where a complaint makes allegations against a defendant not named in an initial suit, and alleges that the defendants in the second suit were closely related to those in the first, in that all were allegedly involved in the same conspiracy, the defensive assertion of claim preclusion is appropriate." (alteration and quotation marks omitted)). Therefore, plaintiff's claim against Constance Starns in Count II is barred by res judicata and is dismissed with prejudice.

Defendants also contend that plaintiff fails to state a claim upon which relief can be granted in Count II because his civil conspiracy allegations are conclusory and do not meet the federal pleading standards. A motion to dismiss should be granted if the plaintiff fails to offer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a) requires "more than labels and conclusions," and merely offering "a formulaic recitation of the elements of a cause of action" is insufficient. Id. at 555. The complaint need not contain detailed factual allegations; however, legal conclusions "must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

The court agrees that plaintiff's civil conspiracy allegations are conclusory, completely unsupported by factual allegations, and therefore do not satisfy the Iqbal/Twombly pleading standard. Plaintiff does not contend otherwise. Instead, his response is that he has specified and explained his claim as far as possible without taking discovery. While Federal Rule of Civil Procedure 8 does not set a high standard for pleading in a complaint, it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79; Johnson v. Vill. of Bellwood, No. 09 C 5511, 2010 WL 2653335, at *2 (N.D. Ill. July 1, 2010)

("Plaintiffs cannot raise a claim based on pure speculation, hoping later to find some basis for the claim in discovery."). Consequently, plaintiff's civil conspiracy claim is dismissed. Plaintiff will not be permitted another opportunity to replead as he has not made that request. See This Court's Standing Order on Motions dated September 14, 2010 ("In the case of a Rule 12(b)(6) motion, if a plaintiff wishes to retain an opportunity to amend the complaint following an adverse decision of this court, plaintiff should request the court's leave to replead in its response to defendant's Rule 12(b)(6) motion and inform the court of how, consistent with the requirements of Rule 11, it would amend the complaint. If a plaintiff fails to request such relief in its response, and this court finds in favor of the defendant, the dismissal will be with prejudice unless the court determines there are exceptional circumstances which would warrant leave to amend." (citations omitted)); see also James Cape & Sons Co. v. PCC Constr. Co., 453 F.3d 396, 400-01 (7th Cir. 2006) (rejecting contention that district court was required by Rule 15 to dismiss without prejudice or sua sponte grant leave to amend the complaint where plaintiff did not request leave to amend complaint). In this case, even if plaintiff had requested leave to amend, the court would have denied that request as futile. Plaintiff's admission that discovery is needed to plead with more factual specificity makes it clear that plaintiff will not be able to correct the deficiency. See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007) (noting that "futility of amendment" is a reason for denying leave to re-plead). Accordingly, Count II is dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted. Both claims in plaintiff's amended complaint have now been dismissed with prejudice. Therefore, this case is closed.